# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DEANDRE BRADLEY,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17−cv–0829−SMY |
| | ) |
| **JEFFREY DENNISON,** | ) |
| **KAREN SMOOT,** | ) |
| A. **DAVID,** | ) |
| **BRADFORD,** | ) |
| **JOHN DOE 1, and** | ) |
| **JOHN DOE 2** | ) |
| | ) |
| Defendants. | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Deandre Bradley, an inmate currently at Menard Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights that occurred at Shawnee Correctional Center ("Shawnee"). Plaintiff requests monetary damages and injunctive relief.[1] This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>   (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

---

[1] Since filing this lawsuit, Plaintiff has transferred prisons, making his requests for injunctive relief moot.

1

(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

## The Complaints

*Original Complaint*

Plaintiff originally brought suit on August 3, 2017 against Defendants Dennison, Smoot, David and Bradford. (Doc. 1, pp. 5-6). At the time Plaintiff filed the original Complaint, he was housed in the infirmary unit. He alleged that Defendants were deliberately indifferent to his disability and that he suffered 5 injuries between March 10, 2017 and August 3, 2017, some due to staff assaults. (Doc. 1, p. 1). Specifically, Plaintiff alleged that Lt. Bradford assaulted him on July 17, 2017 because he was unhappy that Plaintiff was being allowed to visit the dietary unit. (Doc. 1, p. 3). Plaintiff also alleged that he was assaulted by Officers Causey Maun, Olegs and Phelps, although he did not name them as defendants. (Doc. 1, p. 5). Plaintiff claimed that he was denied access to programs, services and activities because Shawnee does not have adequate

2

facilities to serve handicapped inmates. (Doc. 1, p. 2). He also alleged that his housing assignment denied him access to certain programs and that he has been assaulted in the health care unit in the past. (Doc. 1, p. 5).

Plaintiff asserted that he has grieved all of the incidents that form the basis of this action. (Doc. 1, p. 5). However, he also stated that the "majority of these are in the last stage of exhausting [sic] in which have been sent to the Administrative Review Board in which they have six months to respond." *Id.* Finally, Plaintiff alleged that his health and safety were at risk and that "anything could happen". *Id.* Plaintiff was transferred to Big Muddy River Correctional Center sometime prior to August 27, 2017. (Doc. 8-1).

*Amended Complaint*

On September 1, 2017, Plaintiff filed an Amended Complaint. (Doc. 8). The accompanying motion for leave to amend states that the issues related to Plaintiff's safety had been resolved. (Doc. 8-1, p. 1).[2] The Amended Complaint alleges that Shawnee was unable to accommodate Plaintiff's disability, that Dr. David was deliberately indifferent to his disability by failing to provide specific treatments and medical devices, that Smoot and Dennison were deliberately indifferent to Plaintiff's complaints and that it was cruel and unusual punishment to assign Plaintiff to the health care unit because it deprived him of the opportunity to participate in prison activities. (Doc. 8). The Amended Complaint does not address Plaintiff's exhaustion of administrative remedies.

---

[2] For good cause shown, Plaintiff's "Motion to Inform and Request" (Doc. 8-1), attached to Plaintiff's proposed Amended Complaint and construed by the Court as Plaintiff's motion for leave to amend his original Complaint, is **GRANTED**.

3

*Proposed Second Amended Complaint*

Subsequently (on September 20, 2017), Plaintiff filed a "Motion for Permission to Add Additional Claims, Defendants and Relief," in an attempt to amend his Complaint again in order to add two additional claims (Doc. 11). Specifically, Plaintiff's proposed second amended complaint seeks to re-add a claim against Bradford that was included in the original Complaint, but not in the Amended Complaint. It also seeks to add another claim against Warden Dennison based on a policy or custom of not allowing handicapped inmates equal access to facilities and programs at Shawnee. It lists Counts 5 and 6 only and does not include the claims previously asserted in the Amended Complaint.

## Discussion

As an initial matter, Plaintiff's "Motion for Permission to Add Additional Claims, Defendants and Relief" (Doc. 11) will be denied as the Court does not accept piecemeal complaints. SDLR 15.1. Because an amended complaint supersedes and replaces the original complaint, it must contain all claims present in a lawsuit – there cannot be more than 1 controlling complaint at any time. *Wellness Community-National v. Wellness House*, 70 F.3d 46, 49 (7th Cir. 1995). Thus, if the Court were to grant Plaintiff's motion and allow him to file his proposed second amended complaint, there would only be 2 claims remaining in the lawsuit, which the Court does not believe was Plaintiff's intent. Accordingly, the motion (Doc. 11) is **DENIED**.

Additionally, the Court will not conduct a merits review the claims set forth in Plaintiff's original Complaint or Amended Complaint because it is clear that Plaintiff failed to exhaust his administrative remedies prior to filing suit. The Prison Litigation Reform Act ("PLRA") governs suits by prisoners. 42 U.S.C § 1997e. A prisoner is required to exhaust his remedies prior to

filing suit. 42 U.S.C. § 1997e(a). The exhaustion requirement is dependent upon the procedures established by the State in which the prison is located. *Jones v. Bock*, 549 U.S. 199, 218 (2007). Unexhausted claims may not be brought to court, *Id.* at 211 (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)), and "unless a prisoner completes the administrative process by following the rules the State has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

Inmates confined in the IDOC must adhere to the Department's Grievance Procedures for Offenders in order to properly exhaust claims; anything less is a failure to exhaust. 20 Ill. Adm. Code § 504.810. Prisoners must first speak with their counselor about the issues they raise, and if the dispute is not resolved, a formal grievance must be filed within sixty days of the events or occurrence with the grievance officer. 20 Ill. Adm. Code § 504.810(a). The grievance officer must then review the grievance and report findings and recommendations to the Chief Administrative Officer ("CAO"). 20 Ill. Adm. Code § 504.830(d). The prisoner then has the opportunity to review the CAO's response, and if unsatisfied, may appeal to the Director through the ARB within 30 days of the Warden's response. 20 Ill. Adm. Code § 504.830(d); 20 Ill. Adm. Code § 504.850. The ARB is then required to provide a written report to the Director of its recommendation on the grievance and the Director "shall review the findings and recommendations of the Board and make a final determination of the grievance within 6 months after receipt of the appealed grievance, where reasonably feasible under the circumstances." 20 Ill. Admin. Code § 504.850(e), (f).

Failure to exhaust administrative remedies is an affirmative defense and while the Court typically will wait for a defendant to raise the issue, the Court may invoke an affirmative defense on behalf of an un-served defendant if it is clear from the face of the complaint that the defense

applies. *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002); *Gleash v. Yuswak*, 308 F.3d 758, 760 (7th Cir. 2002). The defense must be both apparent and unmistakable. *Walker*, 288 F.3d at 1010.

Here Plaintiff affirmatively stated that he had not received a response from the ARB to his grievances prior to filing suit. Plaintiff has indicated in some of his pleadings that he filed an "emergency complaint" in the instant action. Emergency situations may excuse a failure to exhaust when "there is no possibility of some relief and so nothing for the prisoner to exhaust." *Fletcher v. Menard Correctional Center*, 623 F.3d 1171, 1174 (7th Cri. 2010) (reasoning that if a prisoner's life was in danger tomorrow and the available remedies take two weeks, that prisoner has no remedy to exhaust). However, this exception is narrowly applied.

There is no indication that the conditions Plaintiff complained of were emergent, so as to render the grievance process unavailable to him. Although he alleged that he felt "anything" could happen to him, he did not articulate a specific proximate threat from an identified source. Plaintiff's fears appear to be based on his past experience with assaults, but past conduct does not meet the imminent danger exception, *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003), much less the narrower exception to the exhaustion requirement. For these reasons, The Court finds no basis to excuse Plaintiff's failure to exhaust before filing his original Complaint.

Although Plaintiff subsequently filed an Amended Complaint, an amended complaint cannot cure a failure to exhaust administrative remedies unless it addresses new claims not present in the original Complaint that were exhausted prior to filing an amended complaint. *See Barnes v. Briley*, 420 F.3d 673, 678 (7th Cir. 2005) (allowing a plaintiff to proceed on an amended complaint where plaintiff exhausted remedies after filing suit when the amended complaint named new parties and proceeded under a different statute than the original

6

complaint); *Antonelli v. Sherrow*, 246 F. App'x 381, 385 (7th Cir. 2007) (rejecting plaintiff's argument that he exhausted his FTCA remedies prior to filing an amended complaint where amended complaint added a defendant pursuant to *Bivens* and thus was irrelevant to FTCA exhaustion).

In this case, the Amended Complaint is silent as to any matter relating to the exhaustion of remedies. However, it does not add any claims that are sufficiently distinct from the claims already present in this action. Rather, the Amended Complaint eliminates Defendant Bradford and any claims against him, which has no effect on the exhaustion question. The Amended Complaint also seeks to add an unknown supervisor for improper supervision of Dennison and Smoot. But because there is no supervisory liability under § 1983, whether or not this claim is properly is irrelevant. *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). *See also Monell v. Dep't of Soc. Serv.*, 436 U.S. 658 (1978); *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (doctrine of respondeat superior does not apply to § 1983 actions).

Finally, Plaintiff seeks to add the transfer coordinator who approved his placement at Shawnee. While Plaintiff did not name a "John Doe" transfer coordinator in his original Complaint, he did allege that his placement at Shawnee was improper in light of the availability of prisons with handicapped facilities. Thus, that claim was ostensibly present in the original Complaint and Plaintiff would have had to exhaust his administrative remedies relative to the claim it prior to filing suit. He has affirmatively stated that he has not done so, which requires dismissal of this suit at this time.

## **Pending Motions**

Plaintiff has requested a copy of the original Complaint (Doc. 6). If Plaintiff would still like to receive a copy, he should tender $4.50 ($.50 per page) to the Clerk's Office for a copy of

Doc. 1 in Case No. 17-829. The motion shall be **DENIED** as moot, as Plaintiff simply needs to tender payment to secure the documents he seeks. (Doc. 6).

**Disposition**

**IT IS HEREBY ORDERED** that this case is **DISMISSED without prejudice** for failure to exhaust administrative remedies. This case shall be closed and judgment entered. Should Plaintiff exhaust his remedies, he may file a new suit raising these issues. Plaintiff's Motion for Request Copy of the Complaint is **DENIED** as moot. (Doc. 6). Plaintiff's Motion for Permission to Add Additional Claims, Defendants, and Relief is **DENIED**. (Doc. 11).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to close this case and enter judgment.

**IT IS SO ORDERED.**

**DATED: November 28, 2017**

s/ STACI M. YANDLE<br>**U.S. District Judge**